UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00501-FDW-DCK

| | |
|---|---|
| H. V. INDUSTRIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FALL SAFE ON LINE COMERCIO DE ) <br> PRODUTOS DE PROTEC§O PESSOAL ) <br> LDA. OF PORTUGAL, ) <br> ) <br> Defendant. ) <br> ) | ORDER |

THIS MATTER is before the Court on Defendant's Motions to Dismiss (Doc. No. 23) pursuant to Rules 12(b)(1), (2), (3), (5) and (6) of the Federal Rules of Civil Procedure. After careful review, the Court GRANTS Defendant's Motions to Dismiss in part.

Turning first to Defendant's 12(b)(3) Motion to Dismiss for improper venue, the Court looks to 28 U.S.C. § 1391(b) for the criteria to determine proper venue. If the "case falls within one of the three categories set out in § 1391(b) . . . venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under 28 U.S.C. § 1406(a)." Atl. Marine Constr. Co. v. U. S. Dist. Court for the W. D. Tx. et al., 134 S. Ct. 568, 577 (2013).

Plaintiff's Complaint reveals that it has a principal place of business at 2030 Wilshire Court, Concord, North Carolina, 28025, and Defendant is a limited liability company with a principal place of business in Portugal. (Doc. No. 1). This case appears to have no connection to the Western District of North Carolina apart from the fact that the contract at issue contains a forum selection clause denoting Mecklenburg County. (Doc. No. 1-1). Defendant does not appear to reside in this judicial district, the Complaint does not demonstrate that a substantial part of the

events or omissions giving rise to the claim occurred in this judicial district, nor does it demonstrate that a substantial part of the property that is the subject of the action is situated in this judicial district. Plaintiff argues that the forum selection clause in the contract at issue establishes proper venue, however, "[w]hether the parties entered into a contract containing a forum selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." Atl. Marine, 134 S. Ct. at 577.

Defendant's Motion to Dismiss (Doc. No. 23) pursuant to Rule 12(b)(3) is GRANTED IN PART. The Court ORDERS this case transferred to the Middle District of North Carolina because venue appears to properly lie in the Middle District.[1] Accordingly, Defendant's remaining motions pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5) and (6) are now MOOT. The Clerk is respectfully DIRECTED to TRANSFER the case to the Middle District of North Carolina and CLOSE THE CASE.

IT IS SO ORDERED.

Signed: February 22, 2017

Frank D. Whitney
Chief United States District Judge

---

[1] The Court notes that the same parties have filed suit in the Middle District of North Carolina and it appears the allegations may arise from the same set of circumstances. See Fall Safe On Line-Comercio de Produtos de Proteccao Pessoal LDA. V. H.V. Industries et al., No. 1:16-cv-1233-LCB-JEP (MDNC filed Oct. 19, 2016).